## FOWLER et al. v. UNITED STATES.

### Civ. A. No. 2695.

District Court, E. D. Missouri, E. D.

Dec. 16, 1946.

Paul L. Hale, of St. Louis, Mo., and Spaulding F. Glass, of Chicago, Ill., for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Maurice P. Wolk and Paul S. McMahon, Sp. Assts. to Atty. Gen., and Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and S. Russell Vandivort, Asst. U. S. Atty., both of St. Louis, Mo., for defendant.

MOORE, District Judge.

This action having been tried by the Court without a jury, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

The facts contained in the written stipulation filed at the trial, which are as follows:

1. Prior to January 1, 1935, James Fowler was the sole owner of the plumbing business located at St. Louis, Missouri.

2. On December 4, 1937, James Fowler executed and delivered a bill of sale by which he transferred to himself and his sons, Fenton, Charles and Fred Fowler, the raw materials, finished products, automotive equipment, furniture and fixtures, ledger accounts and good will of the plumbing business. A true and correct copy of this instrument is attached to the complaint as Exhibit A and is incorporated herein as though set out in full.

3. On December 4, 1937, James, Fenton, Charles and Fred Fowler executed an

instrument designated as a "Declaration of Trust of the Fowler Trust Estate", a copy of which appears as Exhibit B of the complaint and which is incorporated herein as though set out in full. This instrument was duly recorded on December 29, 1937, in the office of the Recorder of Deeds, St. Louis, Missouri, in the name of "Fowler Plumbing Company (Business Trust)."

4. Pursuant to the terms of the instrument referred to in the preceding paragraph, instruments designated as "Certificates of Interest of Cestui Que Trust in the Fowler Trust Estate" were issued to James, Fenton, Charles and Fred Fowler. True and correct copies of these "Certificates" are attached to the complaint as Exhibits C, D, E and F and are incorporated herein as though set out in full.

5. On October 21, 1938, a subsequent instrument was executed by James, Fenton, Charles and Fred Fowler, in which James and Fenton Fowler were designated as trustees of the Fowler Plumbing Company (A Business Trust). A true and correct copy of this instrument is attached to complaint as Exhibit H and is incorporated herein as though set out in full.

6. In 1942, the Fowlers entered into an "Agreement" which was filed and recorded on September 22, 1942, with the City Recorder, St. Louis, Missouri. A copy thereof is attached to the complaint as Exhibit G and is incorporated herein as though set out in full.

7. On or about March 15, 1940, the Fowler Plumbing Company filed a fiduciary income tax return (Form 1041) for the Calendar year 1939. The return showed total income of $5,409.29 and deductions of $5,000 representing amounts distributable to beneficiaries, or net income of $409.29 upon which no tax was due in view of the personal exemption of $1,000.

8. Thereafter as a result of its investigation, the Bureau of Internal Revenue determined that the Fowler Plumbing Company was an association taxable as a corporation. Accordingly, corporate income taxes for the calendar year 1939 in the amount of $682.30 and interest of $72.08 were duly assessed on the basis that the Fowler Plumbing Company was an association taxable as a corporation. The foregoing tax and interest totaling $754.38 was paid on December 30, 1941.

9. On or about March 31, 1941, the Fowler Plumbing Company filed a fiduciary income tax return (Form 1041) for the calendar year 1940. The return showed total income of $5,873.42 and deductions of $5,100 representing amounts distributable to beneficiaries or net income of $773.42 upon which no tax was due.

10. Thereafter as a result of its investigation, the Bureau of Internal Revenue determined that the Fowler Plumbing Company was an association taxable as a corporation. Accordingly, corporate income taxes for the calendar year 1940 in the amount of $886.61 and interest of $40.47 were duly assessed on the basis that the Fowler Plumbing Company was an association taxable as a corporation. The foregoing tax and interest totaling $987.08 was paid on December 30, 1941.

11. On or about March 14, 1942, the Fowler Plumbing Company filed a corporate income and declared-value excess profits tax return (Form 1120) for the calendar year 1941 showing total tax due of $70.37 which amount was paid on the date of filing.

12. On August 17, 1942, the Fowler Plumbing Company filed refund claims for the taxes and interest referred to in Paragraphs 8, 10, and 11 above, alleging that: "The Fowler Plumbing Company was a general partnership * * *, the partners being James Fowler, Fenton Fowler, Charles Fowler and Fred Fowler. The tax here involved was computed on the basis that the Fowler Plumbing Company was an association taxable as a corporation. As of January 1, 1938, a certain instrument in writing, dated December 27, was entered into and recorded in the official records of the City of St. Louis, which instrument purported to create a 'business trust', but which instrument was void and of no legal effect because under such instrument and parol understanding the trustees and the

530

beneficiaries were one and the same persons."

The refund claims for the years 1939 and 1940 were rejected by the Commissioner of Internal Revenue by registered letter dated July 13, 1943. The refund claim for 1941 was duly rejected by the Commissioner of Internal Revenue by registered letter dated February 5, 1944.

13. On or about November 18, 1942, the Fowler Plumbing Company filed capital stock tax returns (Form 707) upon which taxes and interest were assessed as follows:

| Period | Tax | Interest | Total |
|---|---|---|---|
| Year ended 6/30/38 | $60.00 | $12.00 | $72.00 |
| Year ended 6/30/39 | 57.00 | 7.70 | 64.70 |
| Year ended 6/30/40 | 68.20 | 5.45 | 73.65 |

The foregoing amounts were paid on November 18, 1941 and refund claims therefor filed on August 17, 1942, on the ground that: "The Fowler Plumbing Company was a general partnership * * *, the partners being James Fowler, Fenton Fowler, Charles Fowler and Fred Fowler. The tax here involved was computed on the basis that the Fowler Plumbing Company was an association taxable as a corporation. As of January 1, 1938, a certain instrument in writing, dated December 27, 1937, was entered into and recorded in the official records of the City of St. Louis, which instrument purported to create a 'business trust', but which instrument was void and of no legal effect because under such instrument and parol understanding the trustees and the beneficiaries were one and same persons."

These claims were duly rejected by the Commissioner of Internal Revenue by registered letter of January 16, 1943.

14. For the period July 1, 1938 to June 30, 1942, inclusive, the Fowler Plumbing Company filed employer's returns under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., and Chapter 9 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq. The taxes reported were duly paid in the amounts and on the dates shown in Exhibit I of the complaint which is incorporated herein as though set out in full. These returns showed as wages amounts paid by the Fowler Plumbing Company to Fenton, Charles and Fred Fowler. The amounts paid to Fenton, Charles and Fred Fowler for each of the periods and the amounts of employer's and employee's taxes paid by the Fowler Plumbing Company with respect to such payments is shown in Exhibit J attached to the complaint which is incorporated herein as though set out in full. During the period in litigation, the Fowler Plumbing Company paid employer's and employee's tax totaling $635.92 on account of amounts paid by it to Charles, Fred and Fenton Fowler, as more fully appears from Exhibit J.

15. On or about October 27, 1942, the Fowler Plumbing Company filed a refund claim for the foregoing amount of $635.92 to which reference is made in the preceding paragraph, on the ground that: "The Fowler Plumbing Company (employers identification number 43-0268766) was a general partnership during 1938-1942, inclusive. The tax here involved was computed on the cash withdrawals of its members from the firm, whose members were, namely, James Fowler, the father of Fenton, Charles and Fred Fowler. All were actively engaged in the business during 1938-1942. As of January 1, 1938, a certain instrument in writing, dated December 4, 1937, was entered into and recorded in the official records of the City of St. Louis, which instrument purported to create a 'business trust' but which instrument was void and of no legal effect because under such instrument and parol understanding the trustees and the beneficiaries were one and the same persons."

This refund claim was duly rejected by the Commission of Internal Revenue by registered letter dated July 29, 1943.

The Court makes the following further and special findings of fact:

16. This action was timely commenced by filing the complaint herein on April 28, 1941.

17. Under the terms of the trust indenture, dated December 4, 1937 (Ex. B of the complaint), the Fowlers agreed to hold the property previously conveyed to them by James Fowler as trustees for the purposes therein stated. The purpose of the trust was declared to be that of conducting a general plumbing business. (Par.First.) The trustees were granted full authority to conduct and manage the business, to make all contracts, and to distribute in their discretion dividends to the cestui que trusts. (Pars. Second and Third.) Only trust property was to be subject to liability for obligations of the business, no personal liability therefor attaching to the beneficiaries or to the trustees. (Par. Fifth.) The death of a beneficiary was not to terminate the trust (Par. Sixth) and provision was made for substitution or replacement of trustees (Par. Fourteenth). It was also specifically provided that the parties did not intend to create a partnership or an agency relationship between the trustees or between the trustees and the beneficiaries. (Par. Fourth). Unless sooner terminated, the trust was to end twenty years after the death of the last survivor. (Par. Nineteenth.)

18. In connection with the execution of the trust instrument, certificates of beneficial interest were issued to James, Fenton, Charles and Fred Fowler, each entitling the holder to 100/400 of the net proceeds from the trust. The said certificates on their face provide for a method of transfer. Copies of these certificates are attached to the complaint as Exhibits "C", "D", "E", and "F".

19. The original trust agreement provided that the trustees were to act as a unit, except that in the case of absence or incapacity of a trustee, action by the majority should be binding. (Par. Fifteenth.) However, by subsequent agreement dated October 21, 1938, a copy of which appears as Exhibit "H" of the complaint, James and Fenton Fowler were appointed sole trustees of the Fowler Plumbing Company, with full power and authority to execute all necessary contracts or other instruments.

20. In 1942 the Fowlers entered into an agreement rescinding the declaration of trust. A copy of this agreement is attached to the complaint as Exhibit "G". While executed as of July 31, 1942, this instrument bears a notary's jurat dated September 21, 1942 and was filed with the Recorder of Deeds on September 22, 1942.

21. During the periods involved, the Fowler Plumbing Company (Business Trust) was actively engaged in the plumbing business in St. Louis, Missouri. In addition, it opened and operated a branch office in Centralia, Illinois, in 1940, which it also operated during the balance of the period in litigation. Fenton Fowler was in charge of the St. Louis Office, handling the administrative details and making estimates for bids. James Fowler made estimates and supervised the performance of contracts. Charles Fowler operates the Centralia office and supervised performance of contracts by that branch. Fred Fowler worked as a journeyman plumber.

22. Fowler Plumbing Company (Business Trust), as created by the instrument of December 4, 1937, had continuity of existence, centralized management and provision for transferable shares of beneficial interest. Fowler Plumbing Company was organized and operated as an association taxable as a corporation.

### Conclusions of Law.

1. Fowler Plumbing Company (Business Trust) was created by the instrument dated December 4, 1937, which instrument, as modified by the agreement executed October 21, 1938, remained in force until rescinded by the agreement executed July 31, 1942 and filed with the Recorder of Deeds on September 22, 1942. The Company as organized was an association taxable as a corporation within the meaning of the applicable sections of the Internal Revenue Code, and remained so throughout the taxable periods involved in this action, whatever may have been its status under the laws of Missouri.

2. The assessment against Fowler Plumbing Company (Business Trust) and collection of the corporate income taxes and interest involved in this action were legal and proper.

3. The assessments and collections of the capital stock taxes and interest involved in this action were legal and proper.

4. The assessments and collection of the federal employment taxes and interest involved in this action were legal and proper.

5. Plaintiffs have failed to state or prove any cause of action upon which relief may be granted.

Defendant is entitled to judgment and to its costs on this behalf incurred.